|                                    |   |                              |
|------------------------------------|---|------------------------------|
| UNITED STATES DISTRICT COURT       |   | EASTERN DISTRICT OF TEXAS    |

PATRICIA SWITZER, §
§
     Plaintiff, §
§
versus §   CIVIL ACTION NO. 1:18-CV-066
§
LOREN TIMOTHY BEACH and §
BEACH TRANSPORT, INC., §
§
     Defendants. §

## MEMORANDUM AND ORDER

Pending before the court is Plaintiff Patricia Switzer's ("Switzer") Motions in Limine (#31-1) and Defendants Loren Timothy Beach and Beach Transport, Inc.'s (collectively, "Defendants") objections (#35). Having considered the motions, the responses, and the applicable law, the court is of the opinion that Switzer's motions should be granted in part and denied in part.

I.    <u>Motions in Limine</u>

A motion in limine "is not a definitive ruling on the admissibility of evidence." *Pact XPP Tech., AG v. Xilinx, Inc.*, No. 2:07-CV-563-RSP, 2012 WL 2774971, at *1 (E.D. Tex. May 13, 2012); *see Craig v. Director, TDCJ-CID*, No. 5:07-CV-167, 2013 WL 4711483, at *10 (E.D. Tex. Aug. 30, 2013). Rather, an order granting a motion in limine is an order requiring the proponent of the evidence to approach the bench and seek leave of court prior to offering the disputed evidence at trial. *Craig*, 2013 WL 4711483, at *10. The United States Court of Appeals for the Fifth Circuit has observed that "[m]otions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980). Nonetheless, they are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-

course for the consideration of lengthy and complex evidentiary issues. *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir.), *cert. denied*, 535 U.S. 1119 (2002). Motion in limine rulings "are not binding on the trial judge, however, and the judge may always change [her] mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 764 n.3 (2000); *accord Luce v. United States*, 469 U.S. 38, 41 (1984) (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).

Plaintiff has filed thirty motions in limine requesting rulings on a variety of matters. Defendants do not oppose a number of Switzer's motions, and these motions are GRANTED. Switzer's remaining motions are addressed below.

1. <u>Switzer's Motion in Limine 12: Drinking, Smoking, and Drug Habits</u>

Switzer's Motion in Limine 12 requests that Defendants' counsel refrain from asking questions pertaining to Switzer's personal habits, such as drinking, smoking, or drug use, as there is no allegation or contention that Switzer was intoxicated or under the influence at the time of the accident made the basis of the lawsuit (the "Accident"). Defendants object to this request on the grounds that Switzer's social activities are relevant to the lawsuit for the purpose of contesting her non-economic damages for physical pain and mental anguish. Defendants anticipate offering evidence that highlights Switzer's continued involvement as a Parrot Head Club member through witnesses Alejandro Enriquez and Carlos Campos. The court agrees that Switzer's social activities since the Accident are relevant to the alleged damages associated with said incident. The court, however, does not find specific inquiries into Switzer's drinking, smoking, or drug habits to be proper, although such habits may be apparent from the context of her social activities. Therefore, Defendants are permitted to inquire into Switzer's social activities or the events she attends or does

not attend, including the name of such events. Defendants should not, however, specifically ask whether Switzer engages in drinking, smoking, or drug use or delve into the particularity of such habits. Nevertheless, Beach may inquire about the nature of the activities, including Parrot Head Club events. Switzer's Motion in Limine 12 is, therefore, GRANTED IN PART, subject to these exceptions.

2. Switzer's Motion in Limine 26: Payment to Medical Providers

Switzer asks the court to direct Defendants to refrain from mentioning, inquiring, or implying that any of Switzer's medical providers have been guaranteed payment from the settlement or verdict of this case. Switzer asserts that such evidence is: (1) not relevant as Switzer is personally liable for her medical expenses incurred regardless of the outcome of this litigation, and (2) prejudicial. Defendants oppose this request because Plaintiff's Exhibit 1, an unredacted letter of protection to Dr. Yury Sless ("Dr. Sless")—Switzer's treating healthcare provider—directly contradicts Switzer's Motion in Limine 26. Plaintiff's Exhibit 1 is a letter to Dr. Sless, which states that Switzer will reimburse Dr. Sless for the medical expenses Switzer will incur for his services through the anticipated outcome of the case. Defendants should not offer evidence or request information regarding whether Switzer's medical providers have been guaranteed payment from the settlement or verdict in this case, unless Switzer's counsel offers or asks questions regarding Plaintiff's Exhibit 1 or any similar evidence or states that no medical providers have been guaranteed such payments. Switzer's Motion in Limine 26 is, thus, GRANTED IN PART, subject to these exceptions.

3. Switzer's Motion in Limine 30: Injuries to Others

Switzer requests that Defendants' counsel refrain from mentioning and/or inquiring into the nature and extent of the injuries sustained by other occupants of the vehicle during the Accident. Defendants argue that the lack of injuries to the other occupants is relevant to the jury's evaluation of the severity of the impact and her claimed damages resulting from the impact. The court finds that the injuries to the other occupants of the vehicle, or lack thereof, are irrelevant with regard to the severity of the impact as to Switzer and her resulting damages. Namely, such information does not have the tendency to make Switzer's injuries and alleged damages more or less probable. The other individuals were not similarly situated, as they were positioned elsewhere in the vehicle and did not react the same during the incident. FED. R. EVID. 401(a). Switzer's Motion in Limine 30 is GRANTED.

II. Conclusion

Consistent with the foregoing analysis, Switzer's Motions in Limine 1 through 11, 13 through 25, and 27 through 30 are GRANTED. Switzer's Motions in Limine 12 and 26 are GRANTED IN PART AND DENIED IN PART.

SIGNED at Beaumont, Texas, this 26th day of July, 2019.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE